# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ATS INDUSTRIAL, INC. §§§§ *Plaintiff* § § vs. § § ENDURANCE AMERICAN INSURANCE §§§ COMPANY *Defendant.* § | CIVIL ACTION _____ |

## PLAINTIFF ATS INDUSTRIAL, INC.'S ORIGINAL COMPLAINT

Plaintiff ATS INDUSTRIAL, INC. ("ATS") files this Original Complaint complaining of Defendant Endurance American Insurance Company ("Endurance"), and, for cause of action, states as follows:

## PARTIES

1. Plaintiff ATS Industrial, Inc. ("ATS") is a Texas corporation, with its principal place of business located at 5600 Agnes, Corpus Christi, Texas 78405.

2. Defendant Endurance American Insurance Company ("Endurance") is a Delaware corporation with its principal office in Purchase, New York. Defendant Endurance does business in the State of Texas and may be served by and through its registered agent for service of process CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## VENUE AND JURISDICTION

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1352 in that this matter involves an action on a payment and performance bond executed pursuant to 40 U.S.C. § 3131 *et. seq.* (the "Miller Act") and this Court has personal jurisdiction over the Defendant.

1

4. Venue is mandatory in this judicial district pursuant to 40 U.S.C. § 3133(b)(3) which requires this action be brought in the United States District Court in the location where the contract is to be performed regardless of the amount in controversy. The project for which work was performed but unpaid, and which forms the basis of this lawsuit, is located in Corpus Christi, Texas, which is within the jurisdiction of the United States District Court of the Southern District of Texas and specifically the Corpus Christi Division.

## FACTUAL ALLEGATIONS

5. On August 27th, 2021 Plaintiff ATS and Non-Party K-Air Corporation ("K-Air") entered into a Subcontract Agreement Work Order (the "Contract" or "Subcontract")[1] related to the construction of the NOLF Waldron Fire & Rescue Station in Corpus Christi, Texas (the "Project"). The Contract obligated K-Air to pay every 30 days following K-Air's acceptance and approval of Plaintiff's work.

6. On or about July 13, 2020, Defendant Endurance, acting as surety for the Project, furnished the performance and payment bond # EAIC 4007021 pursuant to the Miller Act, a true and correct copy of which is attached hereto as Ex. 2 and incorporated by reference herein, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Subcontract.

7. Per the Bond, Defendant Endurance agreed to be jointly and severally responsible for K-Air Corporation's payment obligations on the Waldron Fire and Rescue Station Project.

8. Plaintiff began construction on or around September 15, 2021 and Plaintiff completed its work on or around November 3, 2022. Pursuant to the Contract, Plaintiff ATS provided services which included the installation of fabricated steel and pre-engineered metal building materials, site paving, concrete foundation repairs, interior finishes, framing, drywall,

---

[1] Ex. 1 – Signed Subcontract Agreement Work Order

insulation, wall & ceiling tile, paint, cabinetry, roof and wall sheeting and insulation, among others.

9. Plaintiff's work was approved and accepted, and K-Air was timely invoiced for said work. ATS' services provided to K-Air were to the benefit of K-Air as the general contractor of the Project. In return, ATS was entitled to recover payment from K-Air *and/or its surety* for this labor, services, equipment and materials.

10. ATS has timely submitted invoices for payment and K-Air has failed to pay the same or provide any substantive response disputing the amounts due and owing. ATS now has a claim for an account past due and owing in excess of $157,440.35 for unpaid labor, services, equipment and materials provided to K-Air pursuant to the Contract. ATS' unpaid invoices submitted to K-Air are attached as Exhibit 3 to this Complaint.[2]

11. ATS has complied with all requirements and conditions precedent under the Contract and the Bond and is entitled to full payment of the amounts due and owing.

12. Despite the undisputed fact that ATS has fully performed under the Agreement, as of today's date ATS remains unpaid and Defendants' conduct has forced ATS to bring the following claims:

## CAUSES OF ACTION

### COUNT ONE: SUIT ON BOND

13. ATS incorporates all preceding paragraphs of this Complaint as if each was fully recited herein.

14. This action is brought more than 90 days since November 3, 2022, the date that Plaintiff last provided materials and labor for the Project, but prior to the expiration of one year from that date.

---

[2] Ex. 3 - Invoices

15. Plaintiff has fully performed its obligations in furnishing materials and labor for the Project.

16. Defendant Endurance undertook a direct obligation with the United States of America to act as the surety for the Project. In accordance with that obligation, Defendant Endurance issued payment and performance bond # EAIC 4007021 securing the debts and obligations of K-Air, the prime contractor, for the Waldron Project.

17. Plaintiff ATS performed all of the work that it was contracted to perform and submitted payment applications for the work that it performed on the Project, which remain unpaid as of the date of the filing of this Complaint.

18. As a result of K-Air's breach of its payment obligations, Plaintiff has sustained damages for which it now seeks to recover. Pursuant to its obligation under the Miller Act, 40 U.S.C. § 3131 *et. seq.*, Defendant Endurance, as surety, is jointly and severally liable to Plaintiff for the unpaid amount of $157,440.35 on the Project under Bond # EAIC 4007021 plus interest accruing at 1.5% monthly.

19. Based upon K-Air's failure to make timely payment to Plaintiff, Plaintiff is also entitled to recover from Defendant Endurance interest as allowed under the Federal Prompt Payment Act, 31 U.S.C. § 3901 *et seq*. Plaintiff would further show that it is entitled to recover its reasonable and necessary attorneys' fees.

## CONDITIONS PRECEDENT

20. All conditions precedent to ATS' claims for relief have been performed or have occurred or are otherwise excused.

## JURY DEMAND

21. ATS makes this demand for a jury trial. The jury fee will be paid.

## PRAYER

For these reasons, Plaintiff ATS asks the Court to issue a citation for Defendant to appear and answer and that ATS be awarded a judgment against Defendant for an amount no less than $157,440.35 due and owing on the account, additional damages as may be supported by the evidence, pre-judgment and post judgment interest, court costs, attorneys' fees, and all other relief, in law and in equity, to which ATS is justly entitled.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**

By: ___/s/ C. Larry Carbo, III___
  C. Larry Carbo, III
  ATTORNEY-IN-CHARGE
  Federal Bar No. 31117
  Texas State Bar No. 24031916
  larry.carbo@chamberlainlaw.com
  1200 Smith Street, Suite 1400
  Houston, Texas 77002
  Telephone (713) 658-1818
  Telecopy (713) 658-2553

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:
Michael B. Feibus
Texas Bar No. 24087502
Southern District of Texas Bar No. 3256149
Michael.feibus@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE,
  WILLIAMS & AUGHTRY
1200 Smith, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Telecopier: (713) 658-2553